IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS A. LOMBARDO, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-12-181 |
| CO JEROME SHATZEL, ET AL., | : |
| Defendants | : (Judge Conaboy) |

_____

**MEMORANDUM**
**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Francis Lombardo, an inmate presently confined at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania. Plaintiff has also submitted an in forma pauperis application.[1] For the reasons set forth below, Lombardo's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants are the following employees of the Luzerne County Prison: Wardens Fischi and James Larson; Correctional Officers (CO) Jerome Shatzel, Ryan Flynn, Skurkis, and

---

1. Lombardo completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

Rosemalia. Plaintiff states that on December 29, 2009, he was assaulted by Cos Shatzel, Flynn, Skurkis and Rosmalia. See Doc. 1, ¶ IV. Lombardo initially asserts that those Defendants assaulted him inside a prison elevator by repeatedly punching and kneeing him. It is also alleged that the Plaintiff's head was rammed into a door frame and that the assault continued after he was placed inside a prison cell. Plaintiff indicates that his injuries included a laceration to his left frontal scalp and an injury to his right orbital bone.

The Complaint adds that Wardens Fischi and Larson "were negligent" in failing to train and supervise their correctional staff. Id. Plaintiff seeks injunctive relief and monetary damages.[2]

### Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in

---

2. Plaintiff recently filed another § 1983 action regarding a second alleged assault attributed to CO Flynn, Lombardo v. Flynn, Civil No. 3: 11-CV-2220, which is presently pending before this Court.

which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Statute of Limitations**

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n. 9 (3d Cir. 1996); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions."  Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa.), aff'd 101 F.3d 691 (3d Cir. 1996)(Table).  Pennsylvania's applicable personal injury statute of limitations is two years.  See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.), cert. denied, 474 U.S. 950 (1985).  Finally, the statute of limitations "begins to run from the time when the plaintiff knows

3

or has reason to know of the injury which is the basis of the Section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

In his complaint, Plaintiff clearly alleges that the underlying constitutional misconduct occurred on December 29, 2009. See Doc. 1, ¶ IV.  Lombardo's pending Complaint is dated January 26, 2012, and will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266, 271  (1988)(a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court). It is apparent that Plaintiff obtained knowledge of the purported violations of his constitutional rights at the time the alleged assertions of excessive force occurred, yet  he failed to initiate this action within the following two (2) years.

Although the statute of limitations is an affirmative defense which may be voluntarily waived, it has been recognized that a district court may voluntarily dismiss as frivolous a complaint when it is apparent on its face that the statute of limitations has expired.  See Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002)(a district court has inherent power to sua sponte dismiss a complaint which facially violates a bar to suit); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995); Miller v. Hassinger, Civil No. 02-1520, slip op. at 4 (M.D. Pa. Sept. 30, 2002)(Muir, J.); Norris v. Vaughn, Civil No. 00-1856, slip op. at 4 (M.D. Pa. Oct. 30, 2000)(Rambo, J.). Consequently, the present complaint, which seeks relief regarding a

2009 alleged assault, is clearly barred by Pennsylvania's controlling statute of limitations.[3]

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
 RICHARD P. CONABOY
 United States District Judge

DATED: March 19, 2012

---

3.  The Court's conclusion is bolstered by the fact that Plaintiff previously § 1983 actions with this Court in both 2010 & 2011 thereby demonstrating that he had ample opportunity and means to timely raise his pending claims.

5